# UNITED STATES DISTRICT COURT

for the

Southern District of Illinois

CENTRAL LABORERS' PENSION FUND, SOUTHERN ILLINOIS LABORERS' WELFARE FUND, SOUTHERN ILLINOIS LABORERS'ANNUITY FUND, ILLINOIS LABORERS' AND CONTRACTORS' JOINT APPRENTICESHIP AND TRAINING FUND, VACATION FUND, LABORERS-EMPLOYERS COOPERATION AND EDUCATION TRUST (LECET), LABORERS' LOCAL 1197, LABORERS' LOCAL 773, SOUTHERN ILLINOIS CONSTRUCTION ADVANCEMENT PROGAM (SICAP) EGYPTIAN BUILDERS AND ORGANIZED LABOR TOGETHER (EBOLT) SOUTHERN ILLINOIS LABORERS' POLITICAL LEAGUE (SILPL), SOUTHERN ILLINOIS LABORERS' WORK DUES

Plaintiff(s)

v.

Case: 3:19-cv-70

RAMSEY PROPERTIES, INC.

Defendant(s)

## COMPLAINT

Now come plaintiffs, Central Laborers' Pension Fund, Southern Illinois Laborers' Welfare Fund, Southern Illinois Laborers' Annuity Fund, Illinois Laborers' and Contractor's Joint Apprenticeship and Training Fund, Vacation Fund, Laborers-Employers Cooperation and Education Trust (*LECET*), Laborers' Local 1197, Laborers' Local 773, Southern Illinois Construction Advancement

Program (SICAP), Egyptian Builders and Organized Labor Together (EBOLT), Southern Illinois Laborers' Political League (SILPL), and Southern Illinois Laborers' Work Dues by and through their attorneys, Jelliffe, Doerge & Phelps, and for their complaint against the defendant, RAMSEY PROPERTIES, INC., state as follows:

JURISDICTION AND VENUE

1. This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), as amended 29 U.S.C. §1145.

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. §1132(e)(1).

3. Venue is based upon 29 U.S.C. §1132(e)(2) in that defendant's principal office is located at 1300 Shawnee Trail, Carterville, Williamson County, Illinois.

PARTIES

4. The plaintiffs, Central Laborers' Pension Fund, Central Laborers' Welfare Fund, Central Laborers' Annuity Fund, Illinois Laborers' and Contractor's Joint Apprenticeship and Training Fund, Vacation Fund, Laborers-Employers Cooperation and Education Trust (*LECET*), Laborers' Local 1197, Laborers' Local 773, Southern Illinois Construction Advancement Program (SICAP), Egyptian Builders and Organized Labor Together (EBOLT), Southern Illinois Laborers' Political League (SILPL), and Southern Illinois Laborers' Work

Dues are employee benefit funds (hereinafter "Funds") administered pursuant to the terms and provisions of the Declarations of Trusts creating said Funds and are required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and ERISA (as amended), 29 U.S.C. §§1001 *et seq.* The place of business of plaintiffs is Central Laborers' Pension, Welfare, and Annuity Funds, 201 North Main Street, Jacksonville, Morgan County, Illinois. The Central Laborers' Pension, Welfare, and Annuity Funds are the collection agents for the Funds.

5. Defendant, RAMSEY PROPERTIES, INC., is an Illinois corporation and an "employer" and "party in interest" as those terms are defined by 29 U.S.C. §1002(5) and §1002(14)(c) of ERISA.

BACKGROUND

6. The Funds are funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the Laborers' International Union of North America (hereinafter "LIUNA") on behalf of employees of those same employers.

7. Defendant entered into Collective Bargaining Agreements, Participation Agreements, and Declarations of Trusts with local unions affiliated with LIUNA pursuant to which defendant agreed to pay contributions on behalf of covered employees to the Funds.

8. An authorized representative of Defendant, RAMSEY PROPERTIES, INC., executed a Participation of Agreement on July 17, 2014, thereby biding

Defendant to pay contributions to plaintiffs for employees of Defendant within the Jurisdiction of plaintiffs. It is attached hereto as **Exhibit "A."**

9. Defendant has not given written notification of its intent to terminate the agreement referenced in Exhibit A. As such, said agreement remains in effect.

10. Exhibit A states in penitent part:

> 2. The Employer hereby Agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and the Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same.

11. An authorized representative of Defendant, RAMSEY PROPERTIES, INC., executed a Memorandum of Agreement on April 30, 2018, thereby biding defendant to pay contributions to plaintiffs for employees of defendant within the jurisdiction of plaintiffs. It is attached hereto as **Exhibit "B."**

12. Defendant has not given written notification of its intent to terminate the agreement referenced in Exhibit B. As such, said agreement remains in effect.

13. The agreements in Exhibit A and Exhibit B bind defendant to the Agreement and Declaration of Trust Creating and Restating Central Laborers'

Pension Fund. Article VI Section 10 of Agreement and Declaration of Trust Creating and Restating Central Laborers' Pension Fund, attached hereto as **Exhibit "C"**, states in pertinent part:

> Section 10. AUDITS AND THE COSTS THEREOF. The Trustees shall have the authority to audit the records of the Employer as described in Article IV, Section 8, for the purposes of determining the accuracy of contributions to the Pension Fund. In the event it becomes necessary for the Trustees to file suit and/or otherwise retain legal counsel to enforce their authority to perform an audit, the Employer shall be liable for all reasonable costs incurred including court fees, attorneys' fees, filling fees, audit cost, and any other expenses actually incurred by the Trustees in the course of the action, without regard to whether the Employer did or did not owe delinquent contributions.
>
> In the event an audit determines that there are no delinquent contributions due the Fund, other than in situations as noted in the above paragraph, the Fund shall pay the entire Audit Cost. In the event the audit determines that there are delinquent contributions due the Fund which were intentionally not paid by the Employer, the entire Audit Cost shall be assessed against the Employer. Intentional non-payment shall include, but not be limited to, issuance of a check or other order for payment that is not honored by the bank or other institution on which it is drawn and shall include non-payment due to lack of funds on the part of the Employer.
>
> In the event an audit determines that there are delinquent contributions which are unintentional, the Employer shall be assessed a proportion of the audit costs, if any, based upon a formula which shall be set from time to time by the Trustees in their discretion and reflected in the Minutes of the particular meeting where the formula is adopted or changed.

14. The Agreement and Declaration of Trust Creating and Restating Central Laborers' Pension Fund, Article IV Section 8, attached hereto as Exhibit C, states in pertinent part:

> Section 8. DUTY TO COOPERATE. All Trustees, all directors, officers, employers, employees/participants or other representatives

of any Employer Association or Union party to this Trust Agreement shall be required to assist and cooperate with authorized representatives of the Fund, it's attorneys, auditors, and other authorized representatives in the prosecution of claims for or against the Fund.

Specifically, an Employer shall provide to the Trustees on request in the course of any audit deemed necessary or advisable by the Trustees the following information:

a) All cash disbursements journals, general ledgers, or other documents, including check registers or canceled checks if necessary, showing cash disbursements.
b) All individual payroll records including certified payrolls where required on particular projects, including any applicable W-2's/W-3's.
c) All time records which are the basis of the above-mentioned payroll records.
d) All state unemployment tax returns.
e) All union or fringe benefit fund reports showing contributions paid to all entities or employees for fringe benefits or dues.
f) All other relevant records which would tend to show the Employer's compliance with the terms of the Trust, including, if requested, records of project locations and records showing particular projects on which employee' time has worked.

Further, in the event no time records or records of hours worked are available which indicate whether such hours are straight time or overtime, all hours paid shall be deemed to have been paid at straight time for the purpose of computing contributions owed.

14. Plaintiffs made a demand upon defendant to audit its records subject to Article IV Section 8, of the Agreement and Declaration of Trust Creating and Restating Central Laborers' Pension Fund pursuant to the authority in Article VI, Section 10 of the Agreement and Declaration of Trust Creating and Restating Central Laborers' Pension Fund.

15. Defendant breached the provisions of ERISA, the collective

bargaining agreements, the Participation Agreements, and the Declarations of Trusts by failing to participate in an audit, pursuant to Article VI, Section 10 of the Agreement and Declaration of Trust Creating and Restating Central Laborers' Pension Fund, which provides the Trustees with the authority to audit the records of the Employer for the purposes of determining the accuracy of contributions.

16. Despite plaintiff's demand that defendant perform its statutory and contractual obligations with respect to participating in an audit to ensure that the proper contributions are being made correctly, defendant has failed and/or refused to do so.

17. Under Article VI, Section 10 of the Agreement and Declaration of Trust Creating and Restating Central Laborers' Pension Fund the Fund is entitled to all reasonable costs incurred including court fees, attorney's fees, filling fees, and any other expenses actually incurred by the Trustees in the course of the action, without regard to whether or not the Employer did or did not owe delinquent contributions.

WHEREFORE, plaintiffs request the following relief:

A. For an Order declaring that defendant participate in an audit pursuant to Article IV Section 8 of the Agreement and Declaration of Trust Creating and Restating Central Laborers' Pension Fund;

B. That plaintiffs be awarded all reasonable costs incurred including court fees, attorney's fees, filling fees, and any other expenses actually incurred

by the Trustees in the course of the action, pursuant to Article VI, Section 10 of the Agreement and Declaration of Trust Creating and Restating Central Laborers' Pension Fund;

D. For such other legal or equitable relief as the Court deems appropriate.

JELLIFFE, DOERGE & PHELPS

BY: /s/ Letitia B. Wiggins
Letitia B. Wiggins, ARDC #6315836

BY: /s/ Kelly R. Phelps (with consent)
Kelly R. Phelps, ARDC #6230044
Members of said law firm
108 East Walnut Street
Harrisburg, Illinois 62946
Telephone: 618-253-7153

Attorneys for the plaintiffs